IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES H. FOSTER,<br><br>Defendant. | Case No. 13-cr-00219-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately 76 months into his 304-month sentence, Defendant Charles Foster asks the Court to reduce his sentence to time served because his medical conditions, in light of the COVID-19 pandemic, present an extraordinary and compelling reason warranting such a reduction. The Court disagrees, and, for the reasons set forth below, his motion is DENIED.

## RELEVANT BACKGROUND

On February 19, 2015, a jury found Foster guilty of methamphetamine and cocaine distribution-related offenses. Dkt. Nos. 191, 192. On July 21, 2015, the Court sentenced Foster to a total of 304 months' imprisonment and five years of supervised release. Dkt. Nos. 215, 216. On February 24, 2021, Foster filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion"). Dkt. No. 286. Foster argues his medical conditions—obesity, hypertension, hyperlipidemia, sleep apnea, varicose veins,

and post-traumatic stress disorder—in light of the COVID-19 pandemic, present an extraordinary and compelling reason warranting his immediate release.  Dkt. No. 286 at 2, 6–8.  On March 15, 2021, the Government filed a response opposing any sentence reduction, Dkt. No. 291, to which Foster replied on March 22, 2021, Dkt. No. 292.  This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i).  A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

> 3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## DISCUSSION

The parties dispute only the second and third requirements detailed above.[1] Because Foster has already recovered from COVID-19 with no apparent adverse effect, there are few active COVID-19 cases at his facility, and the sentencing factors counsel against release, Foster's compassionate release motion is DENIED.

### I. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is

---

[1] "The Government concedes that [Foster] has complied with the administrative exhaustion requirement . . . ." Dkt. No. 291 at 5. The Court independently finds Foster has satisfied the exhaustion requirement. *See* Dkt. No. 286-3 at 5 (Warden denying compassionate release request on June 10, 2020).

consistent with applicable policy statements issued by the Sentencing Commission" (the "Commission").  As this Court has explained, it is bound by the Commission's Commentary in U.S.S.G. § 1B1.13 regarding what constitutes an "extraordinary and compelling" reason warranting a sentence reduction.  *See, e.g.*, *United States v. Aruda*, No. 14-CR-00577-DKW, 2020 WL 4043496, *2–*5 (D. Haw. July 17, 2020).[2]

Accordingly, the Court applies the following framework to determine whether COVID-19 presents an extraordinary and compelling reason warranting a reduction in sentence:

> [A]n inmate must necessarily establish the following three elements by a preponderance of the evidence: (1) the inmate is "suffering from a terminal illness," or a "serious" physical or cognitive condition; (2) that condition puts the inmate at a high risk of becoming seriously ill from COVID-19; and (3) if the inmate were to contract COVID-19, the inmate's ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and the inmate would "not [be] expected to recover."

*United States v. Kazanowski*, No. 15-CR-00459-DKW-5, 2020 WL 3578310, at *7 (D. Haw. July 1, 2020) (alterations in original) (quoting U.S.S.G. §1B1.13 n.1(A)).

---

[2] While Foster disagrees with the Court, nothing he argues or cites compels a different result.  *See* Dkt. No. 286 at 2–5; Dkt. No. 292 at 2.  Moreover, as the Government points out, this Court has previously said that "whether the policy statement is binding is . . . of little practical consequence because courts, by and large, consider the same criteria regardless (*e.g.*, the defendant's health conditions and risk at his facility)."  Dkt. No. 291 at 10 (quoting *United States v. Ieremia*, Criminal No. 16-00744-DKW-1, 2021 WL 67313, at *2 n.3 (D. Haw. Jan. 7, 2021)).

The Court recognizes Foster suffers from certain conditions—particularly, severe obesity and hypertension[3]—recognized by the CDC as placing him at greater risk of having a severe reaction to COVID-19.[4] But as the Court has often explained, demonstrating a high risk of becoming seriously ill from COVID-19 requires showing not only that a defendant is a member of an at-risk group, but also that there is "a high risk of contracting the virus because of the number of positive COVID-19 cases at the facility where [the defendant] is housed." *See, e.g.*, *United States v. Rodrigues*, No. 16-CR-00529-DKW, 2020 WL 5351029, *5 (D. Haw. Sept. 4, 2020).[5]

As of the date of this order, the Bureau of Prisons ("BOP") reports that one inmate and 26 staff at FCI Oakdale I, where Foster is housed, are currently testing positive for COVID-19.[6] While these numbers are not conclusive as to the potential for future spikes at FCI Oakdale I, they provide strong evidence that the

---

[3] Foster is severely obese, with a body mass index over 40. Dkt. No. 290 at 42 (listing his weight as 350 pounds on November 18, 2020); Dkt. No. 291 at 15 (listing his height as 67 inches). He also suffers from hypertension. Dkt. No. 290 at 43.

[4] *See COVID-19 (Coronavirus Disease): People at Increased Risk for Severe Illness—People with Certain Medical Conditions*, CDC (updated Mar. 15, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  (last visited Mar. 22, 2021) (listing those with BMIs of 40 or higher as having an increased risk of severe illness if they contract COVID-19; listing those with hypertension as possibly having an increased risk).

[5] This Court is not alone in requiring a defendant to produce evidence that the number of COVID-19 cases at his facility creates a high risk of contracting the virus. *See, e.g.*, *United States v. Williams*, 2020 WL 4586860, at *3 (D. Haw. Aug. 10, 2020).

[6] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Mar. 22, 2021).

chance of Foster contracting the virus at this time is hardly significant. *Cf. United States v. Cornelio*, No. 17-CR-00321-DKW, 2020 WL 6021466 *3 (D. Haw. Oct. 12, 2020) (finding the defendant demonstrated a high risk of contracting the virus where 398 inmates and 6 staff were then testing positive for the virus). Moreover, Foster has already contracted the virus. Dkt. No. 290 at 84, 120. According to the CDC, while reinfections are possible, they "remain rare."[7] Finally, the BOP is beginning to vaccinate both staff and inmates in all BOP facilities, including FCI Oakdale I.[8] Given this combination of factors, Foster has not met his burden of showing there is a significant risk of him contracting COVID-19 at his facility.

Even if he had, Foster has not demonstrated that should he contract the virus, his ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and he would "not [be] expected to recover." *See* U.S.S.G. § 1B1.13 n.1(A). This is so because Foster has already contracted and recovered from COVID-19, apparently experiencing "no fever [and] no symptoms." Dkt. No. 290 at 84. While the Court notes that the number of COVID-19-related deaths at FCI Oakdale I—seven—is of some concern, the fact

---

[7] *COVID-19 (Coronavirus Disease): Reinfection with COVID-19*, CDC (updated Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Mar. 22, 2020) ("Cases of reinfection with COVID-19 have been reported, but remain rare.").
[8] As of the date of this order, BOP reports that 79 staff members and 116 inmates at FCI Oakdale (this appears to include both FCI Oakdale I as well as another Oakdale facility) have received a vaccine. *COVID-19 Coronavirus: COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/(last visited Mar. 22, 2021).

that Foster has contracted and recovered from COVID-19 is evidence that should he be among those rarely reinfected with the virus, *he* can be expected to recover. At a minimum, Foster has presented no compelling evidence to the contrary.[9]

Because Foster has failed to carry his burden of demonstrating an extraordinary and compelling reason warranting a sentence reduction, his compassionate release motion is DENIED.

II.   <u>Section 3553(a) Factors & Risk of Danger to the Community</u>

Even if Foster presented an extraordinary and compelling reason warranting a sentence reduction, the Court must also consider any such reduction in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine Foster is "not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

Foster argues the Court must consider "'the most up-to-date picture' of [Foster]'s history and characteristics, which 'sheds light on the likelihood that [Foster] will engage in future criminal conduct.'" Dkt. No. 43-1 at 27 (quoting *Pepper v. United States*, 562 U.S. 476, 492 (2011)).  The Court agrees.  But other than the looming presence of COVID-19 both within and outside the facility and the roughly 76 months Foster has spent incarcerated, little has changed with regard

---

[9] While the Court appreciates that there is yet much to learn concerning reinfections and variants of the virus, Dkt. No. 292 at 3–4, nothing Foster cites persuades the Court that he faces either a significant risk of reinfection or of a severe reaction should he become reinfected.

to the application of the Section 3553(a) sentencing factors. The Court sentenced Foster to a significant prison term, in part, due to his conviction by jury verdict for the distribution of a significant quantity of methamphetamine and cocaine, and his leadership role in the drug distribution conspiracy. *See* Dkt. No. 218 at 11. To date, Foster has served approximately 25% of that prison term. *See* Dkt. No. 281 at 2 (Foster has been in custody since December 2014). This is simply an insufficient amount of time to meet the Section 3553(a)(2) goals of sentencing in Foster's case.

As factors counseling in favor of release, Foster points to very little and certainly nothing remarkable: the COVID-19 pandemic; a history of employment, including military service and working in the prison kitchen; a relatively sparse criminal history; and a lack of disciplinary infractions while incarcerated. Dkt. No. 286–1 at 11–13; Dkt. No. 292 at 5. As the Court has explained, at least in Foster's case, the COVID-19 pandemic does not affect the Court's sentencing analysis. As for Foster's employment and criminal history, these were known to the Court and considered at Foster's sentencing. The only new employment on his resume is working in the FCI Oakdale kitchen, which, while laudable, offers virtually nothing in terms of early release. And that Foster has not incurred disciplinary infractions while incarcerated—even if true—is also of limited persuasive value, as

that is a baseline expectation of all inmates and hardly indicative of meaningful rehabilitation.

Accordingly, these facts do not, neither collectively nor individually, change the Section 3553(a) analysis.  Further, nothing that has occurred *since sentencing* convinces the Court that Foster's 304-month sentence remains anything other than "sufficient, but not greater than necessary . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public."  *See* 18 U.S.C. §3553(a)(2).  Thus, for the independently sufficient reason that the Section 3553(a) factors counsel against release, Foster's motion for compassionate release is DENIED.

## CONCLUSION

For the reasons set forth herein, Foster's motion for compassionate release, Dkt. No. 286, is DENIED.

IT IS SO ORDERED.

DATED: March 23, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*United States v. Charles H. Foster*, Criminal No. 13-00219-DKW-1, **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

9